Porter, J.
This is an action to procure a settlement of a partnership concern, payment of the funds advanced, and an equal distribution of the profits.

*675
East’n District.

Feb. 1822.
The petition alleges that the plaintiff and appellant in the month of March, 1819. entered into partnership with the defendant, in the grocery business; that he furnished $300 in money and merchandise, as stock ; that the defendant put in his industry and skill as a grocer ; that they were to share equally the profits and loss, and that the profits amounted to $2000.
The answer admits the partnership, but denies that the amount stated was ever furnished, or that any other of the allegations contained in the petition are true, and avers that the defendant is ready to prove that he has settled with the plaintiff.
A supplemental answer was afterwards filed,"claiming a right to the profits accruing from the appellant’s labour and industry on
a plantation. Interrogatories were propounded to the plaintiff to ascertain the truth of these allegations. He denied on oath that the defendant had such right, or that any contract was ever entered into between them which authorised such a claim.
The parish judge gave judgment for the defendant, and the plaintiff appealed.
The pleadings admit the partnership.— *676 The evidence adduced to shew the amount advanced and the profits made, is neither clear nor satisfactory. It is however, pretty evident that some money and goods were furnished as stock, by Wooters, and that some profits were made. The only question therefore is, whether the defendant has sustained his plea, that he has settled and paid the plaintiff.
On this point the following evidence was given:-
Cook swore, that he was keeping store for Thompson last spring, that Wooters, the plaintiff, came into it and enquired for Thompson, witness asked him if he wanted any thing in particular with him, and what was his name; he was told that his name was Wooters, and that he had nothing in particular with him.— Witness asked him if he had settled with Thompson, he told him he had, and that he wanted only a few papers from him, which he had for collection—never saw him afterwards until the trial.
Smith testified, that he is well acquainted with the plaintiff, that being in defendant’s store, Wooters called and asked after defendant ; deponent asked him what he wanted, *677 he replied, that he wanted the balance due him by Thompson, which he thinks was either $14 or 27, that he called in two or three mornings after Thompson, and at last threatened to go to a justice of the peace : it was the last time he called that he mentioned the amount. Witness then told Thompson that he ought to pay him, and not triffle with his feelings any longer, for so small a sum ;— Thompson said he would do so, and took his hat and went out, as he supposed for that purpose. Deponent thinks this conversation was about the month of May, 1820.
It may be said that this evidence is not conclusive ; perhaps it is not so. But proof of this kind cannot be had in every case. And when it is not of that description, as we are obliged to decide in whose favour it preponderates, we must draw such conclusion as appears to us best supported by the testimony furnished. 9 Martin, 388, Herries vs. Canfield & al.
Now, in the present suit, we are reduced to this alternative. Either we must think that the two witnesses produced by defendant swore falsely, or a settlement has taken place between the parties m this suit. Perjury *678 we are not allowed to presume, and if we believe what is sworn, the plea of defendant is made out, except as to the sum of 27 dollars. I am therefore of opinion, that the judgment of the parish court be annulled, avoided and reversed, and that the plaintiff do recover of the defendant, the sum of $27, with, costs in both courts.
Preston for the plaintiff, Pierce for the defendant.
Martin, J.
I am of the same opinion.
Mathews, J.
The allegations in the petition, and the facts stated in the answer, in this case, are supported only by oral testimony; and I am of opinion, that the weight of evidence is in favour of a belief that the concerns of the partnership have been finally settled, and that the plaintiff has received the amount due to him except about $27.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the plaintiff do recover of the defendant the sum of $27, with costs in both courts.